UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DeANDRE HOPSON**                                                                          **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 3:13-CV-80-H**

**RUTH ANN SPENCER et al.**                                                            **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, DeAndre Hopson, filed a *pro se*, *in forma pauperis* complaint.[1] This matter is now before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff sues multiple Defendants: Ruth Ann Spencer; Judge Collins; Susan Gibson; Dana Cohen; Ryan Conroy; Judge Gerber; Jennifer Coffman; Denise Rainey; Denetra Hopson; DeAunna Hopson; Tara Williams; Felicia Pennerman; Nicole Pennerman; Nicole Pearson; Ms. Barton; Doctor of Clarksville (woman); Diane Jones; Brenda Rainey; Thelma Lightsey; Finacale Sgt. (Molley); Domestic Violence Sergeant (Ms. Nunn); Chase Bank Manager; Preston Hwy location; police reporter; Carlyn Hopson; federal clerk of courts; Teresa Grey; Michael Holts; CPS Services, KY; David Weinburg; and Adam Solinger. The first page of his complaint mentions, among other things, the "Matthew Shepards and James Byrd Act hate crime prevention sexual orientation," whistleblowing action, and "medicaid medicare act false claims act." His lengthy complaint contains a rambling, disjointed narrative of a vast conspiracy or

---

[1] The Court notes that this is the sixteenth lawsuit Plaintiff has filed in this Court since May 21, 2012. Many of his cases contain overlapping Defendants and claims.

conspiracies. For example, Plaintiff alleges: "These folks are after Hopson's life and children's life as action show, to hide there injustice of killing it's own people, citizens of the United States. But robbing it's Federal Reserve company. Causing complete clear and present danger, genocide also wars against one another." His complaint does not contain a demand for the relief sought.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Whistle-blowing*

Although near the beginning of his complaint, Plaintiff writes, "Whistle Blowing Action," he does not cite to a specific statute, and there are several federal statutes prohibiting retaliation against whistleblowers. *See, e.g.,* 5 U.S.C. § 1221 (Whistleblower Protection Act); 31 U.S.C. § 3730(h) (False Claims Act); 33 U.S.C. § 1367(a) (Federal Water Pollution Control Act); 42 U.S.C. § 7622 (Clean Air Act); among others. None of these statutes would apply to the facts alleged by Plaintiff. Any whistleblower claims will be dismissed.

*False Claims Act*

Plaintiff's complaint references the False Claims Act (FCA). The FCA is found at 31 U.S.C. § 3729, *et seq*. It "is an anti-fraud statute that prohibits the knowing submission of false or fraudulent claims to the federal government." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 640 (6th Cir. 2003). Under the FCA, a private individual, known as a relator, may bring suit alleging FCA violations on behalf of the government; such an action is known as a *qui tam* action. *Id.*; *United States v. Health Possibilities, P.S.C.*, 207 F.3d 335, 342 n.5 (6th Cir. 2000) (noting that "the United States is the real-party-in-interest in FCA litigation").

However, *qui tam* actions cannot be brought by a *pro se* relator. Because "a *qui tam* relator . . . sues on behalf of the government and not himself[, h]e therefore must comply with the general rule prohibiting nonlawyers from representing other litigants." *United States ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 F. App'x 731, 732 (7th Cir. 2006) (citation omitted); *see also Jones v. Jindal*, 409 F. App'x 356 (D.C. Cir. 2011) (per curiam); *United States*

3

*ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92-94 (2nd Cir. 2008); *Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008); *Rogers v. Sacramento Cnty.*, 293 F. App'x 466, 467 (9th Cir. 2008); *United States ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007) (per curiam); *Brantley v. Title First Titling Agency*, No. 1:12-cv-608, 2012 WL 6725592, at *3 (S.D. Ohio Sept. 27, 2012); *Carter v. Washtenaw Cnty.*, No. 09–14994, 2010 WL 3222042, at *1 (E.D. Mich. Aug. 13, 2010).

Accordingly, because Plaintiff is proceeding *pro se* in this action, he is prohibited from bringing an FCA claim, and that claim will be dismissed.

### *Hate Crime Prevention Act*

Plaintiff cites to the Matthew Shepherd and James Bird Hate Crime Prevention Act, found at 18 U.S.C. § 249(a)(2). However, this is a criminal statute, and Plaintiff, as a private citizen, has no authority to initiate a federal criminal prosecution. *Jermano v. Taylor*, No. 11-10739, 2012 WL 4021115, at *6 (E.D. Mich. July 30, 2012) (dismissing *pro se* plaintiff's claim under the Hate Crimes Prevention Act).

### *Remaining claims*

Plaintiff's complaint almost exclusively contains broad and conclusory allegations that are not entitled to the assumption of truth. *See Abner v. Focus: Hope*, 93 F. App'x 792, 793 (6th Cir. 2004) (stating that the court is not "required to accept non-specific factual allegations and inferences or unwarranted legal conclusions"). These conclusions are not supported by factual allegations that would "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiff's complaint is rambling, disjointed, implausible, and fails, as it is required to do, to contain "either direct or inferential allegations respecting all the material

elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Additionally, under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Plaintiff requested no relief in his complaint and, thus, fails to comply with the federal rules.

Finally, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Plaintiff's complaint meets this standard and will be dismissed on this basis as well.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's complaint.

Date:

cc: Plaintiff, *pro se*
　　Defendants
4411.009